IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02769-PAB-MEH

PAULA DOSEN, M.D.,

Plaintiff,

v.

PIKES PEAK ANESTHESIA ASSOCIATES, P.C.,

Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

THE COURT, upon consideration of the stipulation of the Plaintiff, Paula Dosen, and Defendant Pikes Peak Anesthesia Associates, P.C., by and through their respective counsel as reflected by their signatures hereto, for a Protective Order concerning certain information and documents provided during the course of this litigation, which the parties claim constitute sensitive and confidential information according to current law, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order, it is

ORDERED as follows:

1. Any document, writing, or recording (as those terms are defined in Fed. R. Civ. P. 34(a) and FRE 1001) which are produced or exchanged by any of the parties to this action, or any of their attorneys, and any information contained in responses to (i) interrogatories, (ii) requests for production, (iii) requests for admission, or (iv) any other discovery, including but not limited to deposition testimony and deposition exhibits, which a party in good faith believes

contain confidential proprietary information, trade secrets, or confidential personnel information, must be stamped as “CONFIDENTIAL” or “ATTORNEYS EYES ONLY.” All documents and information so stamped and all copies thereof (hereinafter referred to collectively as "the Confidential Information"), shall be treated as confidential and/or “for attorneys eyes only,” and shall not be disclosed except as provided in this Order; provided, however, that counsel for the party designating information as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order. Documents stamped Dosen1 – Dosen366 produced by Plaintiff prior to the Protective Order are deemed “CONFIDENTIAL” by the parties even though they are not stamped as “CONFIDENTIAL.”

**a.** “Confidential”**: means any document that bears the legend (or that shall otherwise have recorded upon it in a way that brings its attention to a reasonable examiner) “CONFIDENTIAL” or bears a similar legend to signify that it contains Confidential Information entitled to protection under the terms of this Order. A party or other person (including non-parties to this action) shall designate for confidential treatment only documents, items or information that the party or person believes in good faith contains personal or commercial material that is unavailable to the public and not readily available from other sources, and is treated by that party or person as confidential, and the disclosure of which to third parties reasonably could result in detriment to the designating party or person or the subject of the information disclosed.**

b. **“Attorneys Eyes Only”:** means any document that bears the legend (or that shall otherwise have recorded upon it in a way that brings its attention to a reasonable examiner) “ATTORNEYS’ EYES ONLY” or bears a similar legend to signify that it contains highly sensitive material, the disclosure of which could cause a party irreparable competitive injury. A party or other person (including non-parties to this action) shall designate as ATTORNEYS EYES ONLY such documents, items or information that the party or person believes in good faith contains material constituting either: (a) proprietary, confidential, or commercially sensitive financial or business information that is non-public and not readily ascertainable by the public, (b) investment, investment management, accounting, or other trade secret information, (c) non-public, proprietary, or confidential sales, pricing, or marketing information, or (d) non-public, proprietary, or confidential corporate and strategic planning information, the disclosure of which to third parties is reasonably likely to result in detriment to the designating party or person or the subject of the information disclosed.

2. Neither the Information marked CONFIDENTIAL nor its contents shall be disclosed to any other person without the written consent of the party designating the information as confidential, except that counsel may, without further agreement or Court Order, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

(a) attorneys and legal assistants, whether employees or independent contractors, of counsel's firms and to any other employee of counsel's firms who shall handle the Confidential Information under normal office procedure;

(b) any person the attorneys in good faith believe will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness"), who have signed the form attached hereto as Exhibit A, provided that such Potential Witnesses shall be shown only Confidential Information that relates to issues of which counsel reasonably believes the Potential Witness has some prior knowledge, and only such Confidential Information as counsel deems reasonably necessary to allow for the full and fair exploration and presentation of information possessed by the Potential Witness;

(c) experts or consultants retained by the parties with respect to this action who have signed the form attached hereto as Exhibit A;

(d) the parties, including their representatives; and

(e) the Court, its personnel, and any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action.

3. Neither the Confidential Information nor its contents shall be used for any purpose unrelated to this action.

4. Documents and other Confidential Information designated ATTORNEYS EYES ONLY shall only be used in connection with this litigation and shall only be disclosed to those persons identified under paragraphs 3(a) and 3(c) of this Order, provided, however, that such material and information may only be disclosed to such persons to the extent reasonably necessary to the conduct of this litigation;

5. Before disclosure of any Confidential Information is made to any person described in paragraph 3(b), (c) and (d), such person shall sign the form attached hereto as Exhibit A to confirm:

a. that the signatory has read, understands, and will abide by the terms of this Order;

b. that the signatory will not disclose the protected document or the information contained therein to any person not authorized by this Order to receive disclosure or use the protected document or information for any purpose other than the conduct of this litigation; and

c. that the signatory understands that unauthorized disclosure of the protected documents may constitute contempt of this Order.

The statements so obtained shall be deemed work product, and the party who obtains them shall retain them during the course of this litigation, provided, however, that such statements shall be subject to production in any action or proceeding to enforce the terms of this Order or to punish any violation of this Order.

6. Whenever a deposition involves the disclosure of Confidential Information, the entire deposition or portions thereof may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY (as appropriate) and such testimony shall be subject to the provisions of this Protective Order. Such designation should be made on the record during the deposition whenever possible.

a. The entire deposition may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY in its entirety (as appropriate) at any time before or during the deposition, in which case the testimony will be subject to this Protective Order pending receipt and review of the transcript by the designating party. The designating party shall notify all counsel of record of the de-designation of any non-Confidential Information within thirty days after notice by the court reporter of the completion of the transcript.

b. A party may also designate portions of testimony as CONFIDENTIAL or ATTORNEYS EYES ONLY after transcription. Such designation shall be made by sending written notice to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript, or ten (10) days after notice of de-designation under provision 6(a) above, whichever is later.

7. If a producing party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to any attorney-client privilege, attorney work product immunity, or any other privilege or immunity from production, such production shall not be deemed a waiver, and the producing party may give written notice to all receiving parties that the document or information so produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, all receiving parties

shall immediately undertake to gather the original and all copies of the document or information and shall immediately return the original and all such copies to the producing party or certify in writing the destruction thereof without examining the contents of the documents. A party's counsel ("Receiving Lawyer") who receives documents from a producing party or that party's counsel ("Sending Lawyer"), which on their face appear to be privileged or confidential, shall notify the Sending Lawyer of their receipt immediately after recognizing their privileged or confidential nature, unless the Receiving Lawyer knows that the adverse party has intentionally waived privilege and confidentiality. The Sending Lawyer shall then have the affirmative duty to provide written notice requesting the return of the documents within fifteen (15) days after receiving notification from the Receiving Lawyer. Upon receipt of such written notice, the Receiving Lawyer shall immediately return the original and all such copies to the producing party or certify in writing the destruction thereof without examining the contents of the documents

8. A party may object to the designation of particular Confidential Information by giving written notice to the party making the designation within ten (10) business days after the designation. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party contesting the designation as CONFIDENTIAL or ATTORNEYS EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed within twenty (20) days after the time the objection notice is sent, the disputed information shall be treated as CONFIDENTIAL or ATTORNEYS EYES ONLY under the terms of this Protective Order until the Court rules on the motion. If the party contesting designation fails to

file such a motion within the prescribed time, the disputed information shall retain its designation and shall be treated as Confidential Information in accordance with this Order. In connection with a motion filed under this provision, the party contesting the designation shall bear the burden of establishing no good cause exists for the disputed information to be treated as Confidential Information.

9. Within thirty (30) days of the conclusion of this case (including all appeals), unless other arrangements are agreed upon in writing by the parties and their counsel, each document and all copies thereof (including electronic data) which have been designated as CONFIDENTIAL or ATTORNEYS EYES ONLY shall be returned to the party that designated it, or the parties and their counsel may elect in writing to destroy the documents designated as CONFIDENTIAL or ATTORNEYS EYES ONLY. Where the parties agree to destroy Confidential Information, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. The provisions of this Order shall not limit the parties' ability to make full use of otherwise admissible Confidential Information at any stage of this litigation as necessary, including but not limited to, attachments to pleadings, exhibits to depositions or at trial. When possible, the parties will file an appropriate motion with the Court to permit the Confidential Information to be filed with the Court under seal or be otherwise closed to the public.

11. The parties understand and acknowledge that any Confidential Information filed in the Court will only be permitted to be under seal or closed from the public upon proper motion containing a showing of compelling reason pursuant to D.C.Colo.LCivR 7.2.

12. The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction to enforce the terms of this Order.

13. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

DATED at Denver, Colorado, this 1st day of July, 2010.

BY THE COURT:

Michael E. Hegarty

______________________________

Michael E. Hegarty
United States Magistrate Judge

Exhibit A to Stipulated Protective Order

STATE OF ____________________ )

) ss.

COUNTY OF __________________ )

I, __________________________________________, being first duly sworn, state that:

1. I have received a copy of the Stipulated Protective Order in case of *Paula Dosen v. Pikes Peak Anesthesia Associates, P.C.*, United States District Court for the District of Colorado case number 09-cv-02769-PAB-MEH.

2. I understand that I can be held in contempt of court for violating the terms of the Stipulated Protective Order and I submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcement of the Stipulated Protective Order.

3. I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.

__________________________________

Subscribed and sworn to before me this _______ day of ________________, 20___.

______________________________________________

Notary Public, _________________________ County, State of ________________

*[seal]*